IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFREY STENSTROM,<br><br>Defendant. | 8:22-CR-55<br>8:23-CR-14<br><br>ORDER |

Before the Court are the defendant's identical Motions for Release of Property, Filing 52 in case number 8:22cr55 and Filing 60 in case number 8:23cr14. Both Motions are unopposed. The defendant seeks the return of firearms seized during the execution of a search warrant related to forfeiture proceedings. The defendant avers that "[t]he forfeiture proceeding entered in this case only concerned money and property seized from the illegal proceeds of the conspiracy [to commit money laundering, which the defendant pleaded guilty to]," and the firearms seized "belonged to Stenstrom." Filing 52 at 1 (8:22cr55); Filing 60 at 1 (8:23cr14). Pursuant to *Henderson v. United States*, 575 U.S. 622 (2015), the defendant asks the Court to permit the transfer of the firearms from the custody of federal law enforcement to the custody of a third party, Doug Dragoun, "Stenstrom's friend" who resides in Pacific Junction, Iowa. Filing 52 at 2 (8:22cr55); Filing 60 at 2 (8:23cr14). The defendant states the following in his Motions: (1) counsel for the defendant "confirmed that the Government was not opposed to the lawful transfer of Stenstrom's firearms to a third party with the appropriate order from this Court"; (2) counsel for the defendant "has provided the Government Mr. Dragoun's personal identifiable information so [the Government] could investigate his suitability to receive and possess firearms"; and (3) Dragoun has asserted "that he is not prohibited from possessing firearms, [he] will not allow Stenstrom to exert any possession or control over these weapons," and "he will keep the firearms out of Stenstrom's

1

possession so as not to aid or abet Stenstrom's commission of an 18 U.S.C. § 922(g) violation." Filing 52 at 1–2 (8:22cr55); Filing 60 at 1–2 (8:23cr14).

The Court has considered the defendant's unopposed Motions for Release of Property and finds that the Motions should be granted. In *Henderson*, the Supreme Court explained that consistent with 18 U.S.C. § 922(g) "[a] court may also grant a felon's request to transfer his guns to a person who expects to maintain custody of them, so long as the recipient will not allow the felon to exert any influence over their use." 575 U.S. at 630. "In considering such a motion, the court may properly seek certain assurances: for example, it may ask the proposed transferee to promise to keep the guns away from the felon, and to acknowledge that allowing him to use them would aid and abet a § 922(g) violation." *Id.* Here, Dragoun, the proposed transferee, has acknowledged that allowing the defendant to use the firearms would aid and abet a § 922(g) violation. *See* Filing 52 at 2 (8:222cr55); Filing 60 at 2 (8:23cr14). Moreover, by agreeing to the defendant's Motions—and indeed by apparently "ask[ing] that [defense] counsel move the Court to allow the[ ] transfer to a lawful third party with reasonable restrictions per [Federal] Rule [of Criminal Procedure] 41(g), Filing 52 at 2 (8:22cr55); Filing 60 at 2 (8:23cr14)—the Government is clearly satisfied that Dragoun will not allow the defendant to exert any influence over the use of the firearms. In light of the parties' agreement on this issue, the Court will order that the defendant's firearms be released to his designee. *See Henderson*, 575 U.S. at 625–26 ("A federal court has equitable authority, even after a criminal proceeding has ended, to order a law enforcement agency to turn over property it has obtained during the case to the rightful owner or his designee."). Accordingly,

IT IS ORDERED that

1. The defendant's unopposed Motions for Release of Property, Filing 52 (8:22cr55) and Filing 60 (8:23cr14), are granted;

2. The United States shall turn over the defendant's firearms to Doug Dragoun, the defendant's designee;

3. Doug Dragoun shall not permit the defendant to exert any influence, possession, or control over the firearms at issue; and

4. The Clerk of Court is directed to file a copy of this Order on the docket for Case No. 8:22cr55 and on the docket for Case No. 8:23cr14.

Dated this 11th day of September, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge